UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHOENIX ENERGY SALES CO.,

                Plaintiff,

                                    CIVIL CASE NO. 96-40391

v.

WILLIAM GRIEG, et al.,                      HONORABLE PAUL V. GADOLA
                                                    U.S. DISTRICT COURT

                DefendantS.
_____/

## ORDER DENYING DEFENDANT'S MOTIONS FOR REHEARING AND RECONSIDERATION

Before the Court are Defendant William Greig's "Ex-Parte Motion for Rehearing Oral Argument" and "Motion for Rehearing and Reconsideration." For the reasons that follow, the Court will deny both motions.

In his motion for a rehearing of oral argument, Defendant seeks a rehearing on his motion for summary judgment in order to provide him the opportunity to be represented by an attorney. At the original hearing, Defendant was present without an attorney, though he admitted that his motion was drafted by one. Defendant's motion is based on the fact that the Court took his motion under advisement after the hearing. The Court, however, decided Defendant's motion in a formal opinion which was filed three days before he signed his motion for a rehearing of oral argument, and ten days before he filed it. Therefore, the Court will deny Defendant's motion for a rehearing of oral argument as moot.

In his motion for rehearing and reconsideration, filed through counsel, Defendant seeks a

rehearing, reconsideration, and a reversal of the Court's order denying his motion for summary judgment. Local Rule 7.1(g) for the Eastern District of Michigan provides for rehearing and reconsideration of a Court's order or judgment. However, Local Rule 7.1(g) mandates that "[a] motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order." E.D. Mich L.R. 7.1(g)(1). Furthermore, it provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(g)(3).

Defendant's motion for reconsideration was filed twenty-two calendar days, and fourteen business days, after the entry of the Court's order. The mandatory language of Local Rule 7.1(g)(1) indicates that the Court does not have discretion to allow delayed motions for reconsideration. Furthermore, the Court will not consider Defendant's motion for a rehearing of oral arguments, which was filed within ten business days of the Court's order, to be a motion for reconsideration pursuant to Local Rule 7.1(g) because Defendant filed that motion based on the fact that the Court had taken his motion under advisement, arguing that "the court will be assisted in reaching a ruling if the Motion is reargued with the assistance of counsel for the Defendant." Mot. at 2. Therefore, Defendant was not seeking a rehearing or reconsideration of an "order or judgment" or of an issue "ruled upon by the court." E.D. Mich. L.R. 7.1(g)(1) & (3).

Moreover, after reviewing Defendant's motion for rehearing and reconsideration, the Court

concludes that he has not demonstrated a "palpable defect by which the court and the parties have been misled," which is required by the rule, and that he is "merely present[ing] the same issues ruled upon by the court" in its order denying Defendant's motion for summary judgment, which is prohibited by the rule.  E.D. Mich. L.R. 7.1(g)(3).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's "Ex-Parte Motion for Rehearing Oral Argument" [docket entry 165] is **DENIED**.

**IT IS FURTHER ORDERED** that "Motion for Rehearing and Reconsideration" [docket entry 166] is **DENIED**.

**SO ORDERED.**

Dated:  September 30, 2005            s/Paul V. Gadola
                                      HONORABLE PAUL V. GADOLA
                                      UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   October 3, 2005   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                       Thomas W. Elkins                          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:              David Lerner                        .


                                      s/Ruth A. Brissaud
                                      Ruth A. Brissaud, Case Manager
                                      (810) 341-7845